IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENT BARBER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-cv-1043-ECM |
| ) | [WO] |
| HOUSTON COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending on a complaint filed by Plaintiffs, inmates currently incarcerated at the Houston County Jail in Dothan, Alabama, challenging numerous conditions of their confinement. Plaintiffs seek class certification. Doc. 1 at 1. Specifically, Plaintiffs request they be deemed proper representatives of the class "in [this] class action 42 U.S.C. § 1983 lawsuit." *Id.* The court therefore construes the Complaint to contain a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is due to be denied.

## DISCUSSION

Plaintiffs are *pro se* inmates unschooled in the law who seek to represent the interests of the putative class. Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* litigant may "plead and conduct" his own claims in federal court under 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals. *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) ( ("[28 U.S.C. § 1654] appears to provide a personal

right that does not extend to the representation of the interests of others")).  The competence of a layman is "clearly too limited to allow him to risk the rights of others."  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980).

Moreover, the court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief.  *See* Fed. R. Civ. P. 23(b)(1)(A).  The court further finds the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits and the questions of fact common to the proposed class members—inmates currently incarcerated at the Houston County Jail—do not predominate over such questions.  *See* Fed. R. Civ. P. 23(b)(3); *also Inmates, Washington County Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiffs' motion to certify this case as a class action (Doc. 1) be DENIED;

2. With the exception of lead Plaintiff Brent Barber, the remaining named Plaintiffs be TERMINATED as parties to the complaint;[1] and

3. This case be referred to the undersigned for further proceedings.

---

[1] If the remaining plaintiffs wish to challenge the conditions of confinement to which they are subjected at the Houston County Jail, they are free to file their own complaint.

It is further

ORDERED that **on or before January 24, 2020**, Plaintiffs may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiffs object. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiffs are advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of January, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE